IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,        ORDER

v.        12-cr-27-wmc-1

MATTHEW FLASKRUD,

        Defendant.

A hearing on the probation office's petition for judicial review of Matthew Flaskrud's supervised release was held on May 10, 2018, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Robert. A. Anderson. The defendant was present in person and by defense counsel Murali Jasti. Also present was Senior U.S. Probation Officer Michael J. Nolan.

FACTS

From the record, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on July 20, 2012, following his conviction for failure to update the sex offender registry in violation of 18 U.S.C. § 2250. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 48 months to be followed by a three-year term of supervised release. The defendant began his term of supervised release on May 27, 2016.

The defendant violated the mandatory condition of his supervised release prohibiting him from illegally possessing a controlled substance, and Standard Condition No. 7 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled

1

substance or any paraphernalia related to such substance, except as prescribed by a physician as evidenced by urine specimens he provided that tested positive for marijuana on August 10, October 18, and November 4, 2017; January 5 and 21, and March 16 and 27, 2018;. With the exception of the March 27, 2018, urine specimen, Alere Toxicology confirmed each of these positive tests through laboratory analysis. The defendant has also admitted to continued marijuana use.

The defendant also violated Special Condition No. 3 requiring that he: (1) abstain from the use of alcohol and illegal drugs and from association with drug users and seller and participate in substance abuse treatment; and (2) submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. Specifically, in addition to the use just described, the defendant failed to report for random urinalysis testing as instructed on numerous days in January, April, August, October of 2017, and on February 10, February 17, and March 6, 2018.

As set forth at 18 U.S.C § 3583(g)(3)&(4), revocation is mandatory if a defendant tests positive for illegal controlled substance use more than three times over the course of one year, or if the defendant refuses to comply with drug testing imposed as a condition of supervised release.

The defendant's most serious conduct falls into the category of a Grade C violation. Under § 7B1.3(a)(2) of the advisory guidelines, the Court may revoke, extend, and/or modify supervised release upon finding of a Grade C violation. With Grade C violations and a criminal history category of V, the advisory guideline range of imprisonment is 7 to 13 months if the term of supervised release is revoked. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment if supervised release is revoked is two years because the offense of conviction is a Class C felony.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the

arguments of the parties, including the defendant's statements, I find that revocation would ordinarily be warranted, but that there is a treatment alternative available to the defendant. If he chooses to accept and participate in an inpatient counseling program, I will grant him the opportunity to participate in a 27-treatment day substance abuse and cognitive behavioral therapy program at Attic Correctional Services, Inc., in Madison, Wisconsin, understanding that the failure to successfully complete that program and demonstrate a commitment to a sober lifestyle will likely result in a longer incarceration than if he were to be revoked today. Should the defendant successfully complete the program and remain in substantial compliance with the conditions of his supervised release for another 120 days after that program, defense counsel is welcome to seek dismissal of the pending petition.

ORDER

IT IS ORDERED that the period of supervised release is continued and the judicial review hearing will be held in abeyance until such a time that the defendant completes the inpatient substance abuse program. If at any time before the 27-treatment day program is completed, the supervising probation officer believes the defendant is not substantially complying with the conditions of his supervised release or he is discharged from Attic Correctional Services, Inc., without successful completion, the Court is to be notified and an expedited hearing will be set to revisit the mandatory revocation provisions under 18 U.S.C § 3583(g)(3)&(4).

Entered this 10th day of May, 2018.

BY THE COURT:

WILLIAM M. CONLEY
District Judge